IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In Re: § | | |
| § | Chapter 7 | |
| Douglas Kevin Smith, § | | |
| *Debtor*. § | CASE NO. 5:20-50578-RBK | |
| § | | |
| § | | |
| Douglas Kevin Smith, § | | |
| *Appellant*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 22-CV-169-XR | |
| § | | |
| Eric B. Terry, Chapter 7 Trustee, § | | |
| *Appellee*. § | | |

# ORDER

On this date, the Court considered Appellant Dr. Douglas K. Smith's appeal from an order of the Bankruptcy Court granting in part and denying in part Trustee Eric B. Terry's motion: 1) to enforce the Bankruptcy Court's "Gatekeeping" Order, 2) to hold Dr. Smith in contempt, and 3) for sanctions. The Court has considered the record, applicable law, and the parties' Briefs, including Appellant's Brief (ECF No. 10), Appellee's Brief (ECF No. 12), and Appellant's Reply Brief (ECF No. 13). For the reasons stated below, the judgment of the Bankruptcy Court is **AFFIRMED** and the appeal is **DISMISSED**.

## BACKGROUND

This is a *pro se* appeal of an order granting Appellee Chapter 7 Trustee Eric B. Terry's motion to strike certain items from Dr. Smith's designation of items to be included in the record on appeal. ECF No. 1-1.

Appellant Dr. Douglas K. Smith ("Dr. Smith") is a Texas-licensed physician and radiologist, who founded Salubrio, a Nevada LLC, in 2013. On March 11, 2020, Salubrio filed its voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code in the

1

bankruptcy case styled *In re Salubrio, LLC*, No. 20-50578-RBK, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

On June 10, 2020, Salubrio was removed as debtor-in-possession. On September 23, 2020, Salubrio's bankruptcy case was converted to one administered under Chapter 7, and Trustee was appointed as the Chapter 7 Trustee. ECF No. 6-2 at 9–10.

On November 1, 2020, Dr. Smith initiated Adversary Proceeding No. 20-05067-RBK against Trustee, Trustee's counsel, and creditors in Salubrio's bankruptcy case. Dr. Smith's Complaint filed in Adversary No. 20-05067-RBK stated claims to recover money or property under Section 548 of the Bankruptcy Code as well as pursuant to a state law fraudulent transfer statute on behalf of the Salubrio bankruptcy estate, in violation of the automatic stay pursuant to 11 U.S.C. § 362 of the Bankruptcy Code in the Salubrio bankruptcy case. As a result, on November 17, 2020, Trustee moved the Bankruptcy Court to: 1) Enforce the Automatic Stay; 2) Enforce the Barton Doctrine; 3) Hold Douglas K. Smith in Contempt; and 4) Enter Channeling Injunction Against Douglas K. Smith. ECF No. 5-4 at 545–54.

On December 1, 2020, the Bankruptcy Court issued the Gatekeeping Order. ECF No. 6-2 at 19–22. In relevant part, the Bankruptcy Court held that, "[a]s a necessary and appropriate 'gatekeeping' procedure, Dr. Smith must first seek leave from this [Bankruptcy] Court before filing any motion or complaint in any forum that seeks relief from or against the Trustee, his professionals, or other creditors or parties in interest, including Pioneer Bank, MedLegal Solutions, Inc., and BooToo, Ltd." *Id*. at 21.

On February 16, 2022, Trustee Terry filed a motion to enforce the Bankruptcy Court's Gatekeeping Order after Dr. Smith, on or about February 9, 2022, began filing multiple motions to disqualify Trustee's counsel. *Id*. at 23–28. Specifically, Trustee contended that, in violation of

the Gatekeeping Order, Dr. Smith had filed motions in the following appeals pending before the United States District Court for the Western District of Texas: 5:21-cv-01268-FB; 5:21-cv-00528-JKP; 5:21-cv-01137-FB, and 5:21-cv-1215-XR. *Id*. at 25.

The Bankruptcy Court held a hearing on the motion on February 22, 2022.[1] The Bankruptcy Court thereafter entered its Order on the motion, granting the motion in relevant part and enforcing the Gatekeeping Order against Dr. Smith "for his violation of the Gatekeeping Order as a result of his filing the . . . referenced motions in appeals pending before the United States District Court for the Western District of Texas. *Id*. at 55. The Bankruptcy Court ordered Dr. Smith to "immediately withdraw the Motions to Disqualify" but noted that "his withdrawing of the Motions to Disqualify is without prejudice to Dr. Smith's ability to file a Motion for Leave of the Bankruptcy Court to file such motions in this Bankruptcy Court." *Id*. at 56.

After withdrawing his Motions to Disqualify, Dr. Smith did not file a motion for leave of the Bankruptcy Court requesting to file such motions in the Bankruptcy Court. Instead, Dr. Smith initiated this appeal.

## APPELLANT'S ISSUES ON APPEAL

Appellant's Brief lists 20 issues raised on appeal. ECF No. 10.

1. Whether the bankruptcy court erred by contravention of exclusive or permissive Texas state law jurisdiction for which no Federal jurisdiction exists such as medical practice, physician ownership of medical records, privacy rights of Texas citizen patients, and creation and governance of Texas Trusts under section 112 of Texas Property Code violating anti-commandeering provision of 10th Amendment of United States Constitution?

2. Whether the bankruptcy court erred by contravention of section 115.001 of Texas property Code mandating exclusive jurisdiction over Texas trusts created under section 112.001(2) of Texas Property Code as exclusive jurisdiction of Texas state circuit courts and judicial disregard of 7-years of accounting records and judicial

---

[1] *Smith, MD v. Terry*, 5:21-cv-00790-XR ECF No. 3-3 at 1649–74 (February 22, 2022 Hearing Transcript).

3

  disregard of notarized post-petition intercompany agreements affirming exitance of Salubrio Trust since 2013?

3. Whether the bankruptcy court violated "taking clause" of section 17 of Texas Bill of Rights and 5th and 14th Amendments of U.S. Constitution by seizing Appellant's Texas licensed physician accounts receivables ("TXLPAR") personal property for public use without clearing cloud over property ownership and without Appellant's consent and without compensating Appellant for appropriated and liquidated TXLPAR property?

4. Whether the bankruptcy court deprived pro se Appellant of Section 3a of Texas Bill of Rights ("TXBOR") guaranteeing Equality under the Law and right to impartial Tribunal?

5. Whether the bankruptcy court deprived Appellant of TXLPAR personal property without FRBP Rule 7001(7) due process requiring an adversary proceeding before judicial grant of injunctive applying appropriate scope and duration applicable with established federal criteria?

6. Whether the bankruptcy court erred by disregarding section 19 of TXBOR by depriving Appellant of TXLPAR personal property and depriving Appellant of personal attorney client privilege without due process?

7. Whether the bankruptcy court erred by overruling timely Objection to judicial disregard of FRBP Rule 7001(7) by Salubrio bankruptcy attorney Martin Seidler's ("SBA Seidler") that 5th Circuit precedent in Matter of Zale would render 11 U.S.C. § 105 injunction void ab initio for want of due process as matter of law?

8. Whether bankruptcy court's permanent prefiling injunction restricting Appellant's access to all court's including Texas state courts exceeded established scope and duration guidelines and violated section 13 of TXBOR Texas state law Open court and due process provisions?

9. Whether the bankruptcy court erred by ruling "Motion [to Enforce 'Gatekeeping order'] is in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules" despite the court's disregard of FRBP Rule 7001(7) requirement for adversary proceeding?

10. Whether the bankruptcy court erred by concluding "(vi) the legal and factual bases set forth in the Motion [Appellee's Motion to

    Enforce Court's 'Gatekeeping' Order'] establish just cause for the relief ['Dr. Smith shall immediately withdraw the Motions to Disqualify'] granted herein"?

11. Whether the bankruptcy court disregarded SCOTX precedent that prospective law firm client is entitled to attorney-client privilege under Texas Rules of Evidence and disregarding Appellant's repeated judicial Objection to Spencer Fane's acts of adversity to former client?

12. Whether the bankruptcy court erred by disregarding Texas Rule of Evidence 503 governing Appellant's personal attorney-client privilege as Law of the Land preempting FRE 501 by Federal consent except in extraordinary circumstances as matter of law?

13. Whether the bankruptcy court erred by compelling Appellant to repudiate Texas state attorney-client rights in multiple active appeals before US District Court based upon enforcement of void ab initio Permanent Prefiling Injunction issued without due process and under active appeal?

14. Whether the bankruptcy court erred by disregarding Appellant's Objection to the court's lack of subject matter jurisdiction over non-estate TXLPAR property that was not debtor's property under Texas state property laws on petition date as matter of law.

15. Whether the bankruptcy court disregarded 28 U.S. Code § 1334(c)(2) that prohibits bankruptcy court "action could not have been commenced in a court of the United States absent jurisdiction under this section" when ruling "Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334"?

16. Whether the bankruptcy court erred by rendering final order against non-consenting Appellant in Motion on questionably "related to" Salubrio bankruptcy by judicial disregard of 28 U.S.C. § 157(c)(1)?

17. Whether the bankruptcy court violated anti-commandeering clause of 10th Amendment of US Constitution ruling in contravention of domains of Texas state law exclusive or permissive Texas state law jurisdiction supra and in contravention of SCOTUS instruction in *Printz v. United States*, 521 U.S. 898 (1997)?

18. Whether the bankruptcy court interfered with appellate process in US District court and 5th Circuit Court of Appeals by ruling it "necessary and appropriate to require [Appellant] Dr. Smith to immediately [involuntarily] withdraw the motions to disqualify"

>       Appellant's former legal counsel, Spencer Fane and strike Appellee Briefs prepared by Appellee's former counsel?
>
> 19. Whether bankruptcy court erred by permitting Trustee to liquidate TXLPAR without FRBP Rule 7001(3) due process of adversary "proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property" to extent that Chapter 7 Trustee had any interest in TXLPAR that Appellant denies?
>
> 20. Whether the bankruptcy court erred by disregarding 11 U.S.C. § 541(b)(1) that prohibits Trustee from exercising power for entity other than Debtor or in this case?

ECF No. 10 at 3–6.

## DISCUSSION

### I.   Appellate Standard of Review

A district court has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges. *See* 28 U.S.C. § 158(a). On appeal, a bankruptcy judge's conclusions of law are reviewed *de novo*, whereas findings of fact will not be set aside unless they are found to be clearly erroneous. *In re National Gypsum Co.*, 208 F.3d 498, 503 (5th Cir. 2000). The district court reviews mixed questions of law and fact *de novo*. *Id*.

The court reviews discretionary decisions of the bankruptcy court for abuse of discretion. *See Mendoza v. Temple-Inland Mortgage Corp. (In re Mendoza)*, 111 F.3d 1264, 1270 (5th Cir. 1997). A bankruptcy court abuses its discretion when "its ruling is based on an erroneous review of the law or on a clearly erroneous assessment of the evidence." *In re Yorkshire, LLC*, 540 F.3d 328, 331 (5th Cir. 2008) (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)).

## II.   Analysis

In reviewing Appellant's statement of issues, the Court first notes that Appellee's simplified and concise statement of issues is more appropriately tailored for the Court's consideration. In particular, the Court must determine whether the Bankruptcy Court erred in granting Trustee's motion to enforce the Gatekeeping Order. The various other issues challenged on appeal by Dr. Smith have no bearing on whether the Bankruptcy Court properly exercised its discretion in enforcing the Gatekeeping Order and granting Trustee's motion in relevant part (the subject of this appeal). The Court therefore need not address Appellant's other raised issues on appeal.

As it pertains to the Gatekeeping Order, the Court holds that the Bankruptcy Court properly found that Appellant had violated the Gatekeeping Order by filing the Motions to Disqualify without seeking leave of the Bankruptcy Court, and properly exercised its power under 11 U.S.C. § 105 to enter and enforce the Gatekeeping Order.

The Court first addresses Appellee's contention that Appellant has failed to provide an adequate record on appeal, and therefore that this Court cannot determine whether any error was committed. The Court hereby takes judicial notice of the hearing transcript, filed in *Smith, MD v. Terry*, 5:22-cv-00790-XR ECF No. 3-3 at 1649–74 (February 22, 2022 Hearing Transcript).

Still, however, Dr. Smith, as the Appellant, has the burden of providing and citing to the evidence in the record supporting his statements and issues on appeal. The Fifth Circuit explains that the purpose of the statement of issues is to "identify the portions of the testimony below that should be included in the record on appeal." *In re CPDC, Inc.*, 221 F.3d 698, 698 (5th Cir. 2000). Appellant has failed to provide any coherent basis for his objection to the Bankruptcy Court's decision to enforce the Gatekeeping Order.

Even despite Appellant's failure to provide and identify specific portions of testimony from the hearing transcript to which he objects (or the basis for why he objects), this Court otherwise finds that the Bankruptcy Court did not abuse its discretion.

Throughout the February 22, 2022 hearing on the motion, Judge King explained that in enforcing the Gatekeeping Order, he was not limiting Dr. Smith's ability to file appeals to the District Court. Rather, he explained that Dr. Smith must "come back here to ask for permission to file certain things, not appeals. If you want to appeal one of my orders, that's fine. But other types of things, such as a motion to disqualify or other types of orders in District court, you have to come back here because, I mean, that's what the gatekeeping order provides. You have to come here and ask for leave to file. And they can oppose if they want or they may not oppose it." 5:21-cv-00790-XR ECF No. 3-3 at 1655. Dr. Smith explained that he "understood" Judge King's order. *Id*. In closing the hearing, Judge King again reminded Dr. Smith that if wanted to file anything, he was to first file a motion for leave to file it. *Id*. at 1670. Dr. Smith again noted his understanding. *Id*. at 1671.

The Court notes that the original entering of the Gatekeeping Order itself has been held proper by Judge Biery. *See In re Salubrio, LLC*, No. AP 20-05067-RBK, 2023 WL 3105153, at *9 (W.D. Tex. Mar. 31, 2023) (holding that the Bankruptcy Court's Gatekeeping Order was not overly broad or vague, and recognizing longstanding precedent that bankruptcy courts can perform gatekeeping functions).

Having determined the Gatekeeping Order was proper, the Court finds no error or abuse of discretion with Judge King's decision granting Trustee's motion to enforce the Gatekeeping Order as it pertained to the Motions to Disqualify. Granting that motion was in furtherance of the proper purpose of the Gatekeeping Order and the powers afforded to bankruptcy courts pursuant to 11

U.S.C. § 105. Section 105 authorizes a bankruptcy court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The Gatekeeping Order's purpose is one that helps to ensure Dr. Smith's case is handled both expeditiously and economically. The Court finds the Bankruptcy Court did not abuse its discretion in enforcing it after Dr. Smith filed his Motions to Disqualify in the District Court as opposed to first seeking leave to file in the Bankruptcy Court.

Finally, while Dr. Smith was required to immediately withdraw the Motions to Disqualify, his withdrawing was without prejudice to his ability to file a motion for leave of the Bankruptcy Court to file such motions in the Bankruptcy Court. ECF No. 1-1 at 6. Dr. Smith simply failed to do so and chose to appeal to this Court instead.

## CONCLUSION

The Court has carefully considered the record, as well as the arguments and authorities presented in Appellant's Brief (ECF No. 10), Appellee's Brief (ECF No. 12), and Appellant's Reply Brief (ECF No. 13). The Court has conducted a *de novo* review of the Bankruptcy Court's Motion to Dismiss Order with respect to the issues raised on appeal. The Court finds that the Bankruptcy Court's order was proper, and thus, for the foregoing reasons, the decision of the Bankruptcy Court is **AFFIRMED**. A final judgment pursuant to Rule 58 will follow.

It is so **ORDERED**.

**SIGNED** this 7th day of June, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE